## 14731   ATLANTIC PAPER & PULP CORPORATION *v.* PRITCHARD.

STEPHENS, J.   1. Where an amendment to a petition is allowed and ordered filed "subject to demurrer or objection," a judgment on the demurrer, dismissing the amendment upon the ground that it sets out a new cause of action, is to all intents and purposes equivalent to rejecting or disallowing the amendment when offered, and where the merits of the

amendment are not otherwise passed upon, the order striking the amendment constitutes no adjudication upon the merits of the allegations set out in the amendment.

2. A dismissal of the petition on demurrer after the striking of the amendment cannot be pleaded as res judicata to a suit afterwards brought upon the cause of action set out in the amendment. Assuming that the cause of action set out in the amendment is in fact the same cause of action set out in the original petition, the former judgment cannot be pleaded as res judicata in the second suit, because the matter in the second suit was adjudicated in the former suit to be a separate and distinct cause of action. *Butler* v. *Tifton &c. Ry. Co.,* 121 *Ga.* 817 (6, 7) (49 S. E. 763).

3. Where the plaintiff alleged that it was agreed that he should haul a designated amount of cord-wood to a certain wharf, and there load the wood upon lighters to be furnished by the defendant, for which service the defendant agreed to pay him a certain sum per cord; that pursuant to the contract he delivered to the defendant a designated amount of the wood upon lighters, for which service he received compensation, but that the defendant thereafter breached the contract by refusing to accept and pay for his services in hauling and loading the remainder of the wood, which services he offered to perform and stood ready and willing to perform, and where the defendant in its plea denied the existence of the alleged contract, but alleged that if any contract existed it was conditioned upon the defendant being able to furnish the lighters for removing the wood, and where the evidence authorized an inference that the defendant was unable to furnish lighters for hauling the remainder of the wood, by reason of having no lighters and by reason of the defendant's inability to engage any person to furnish lighters for such purpose, an instruction by the trial judge that a promisor is not discharged from performing his obligations under a contract because of impossibility of performance, unless by the act of God, was not prejudicial to the defendant, when the judge elsewhere instructed the jury that the defendant would not be liable to the plaintiff if there was no contract as alleged, or that, if the defendant's liability under the contract was conditional upon the defendant's being able to furnish satisfactory lighterage for hauling, such inability to furnish lighterage would excuse the defendant from performance.

4. The charge is nowhere subject to the exception that it excluded from the jury a consideration of the defense relied upon by the defendant.

5. The evidence authorized the inference that the parties, by consent, deviated from the provisions of the contract and agreed upon a landing other than the one designated in the contract as the landing at which the delivery of the wood was to be made, and the defendant's contention that the evidence does not authorize a recovery, by reason of its failure to show an offer to perform by the plaintiff by a delivery at the landing mentioned in the contract, is without merit,

6. The evidence authorized a finding that the parties entered into a contract as alleged by the plaintiff, and that the contract had been breached

by the defendant, to the plaintiff's damage in the amount found by the jury.          *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 8, 1924.

Action for breach of contract; from city court of Savannah—Judge Freeman. May 8, 1923.

*Hitch, Denmark & Lovett,* for plaintiff in error.

*Connerat & Hunter,* contra.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*